UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KAYA SCHANEN, | § § | |
| Plaintiff, | § § | CIVIL ACTION NO. 4:24-cv-259 |
| v. | § § | JURY TRIAL DEMANDED |
| IN-FOCUS SOLUTIONS, LLC, | § § § | |
| Defendant. | § § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**
<u>**COLLECTIVE ACTION & JURY DEMAND**</u>

1. Defendant In-Focus Solutions, LLC ("Defendant") required Kaya Schanen ("Plaintiff") to work more than forty hours in a workweek without the proper overtime compensation. Defendant also failed to pay Plaintiff for all the hours she worked.

2. Defendant's conduct violates the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, which requires non-exempt employees to be compensated for all hours in excess of forty in a workweek at one and one-half times their regular rates of pay. *See* 29 U.S.C. § 207(a). On behalf of herself and all other similarly situated employees, Plaintiff brings this action as a collective action under the FLSA, 29 U.S.C. § 216(b). Members of the collective action are referred to as the "FLSA Class Members."

3. Defendant also retaliated against Plaintiff when she filed an internal complaint about the non-payment of her wages and overtime. Accordingly, Plaintiff also brings a claim in her individual capacity for retaliation under the FLSA. 29 U.S.C. § 215.

1

## SUBJECT MATTER JURISDICTION AND VENUE

4. This court has federal question jurisdiction over the subject matter of this action per 28 U.S.C. § 1331 as this case is brought under the laws of the United States, specifically the Fair Labor Standards Act, 29 U.S.C. § 216(b).

5. Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events and omissions giving rise to this claim occurred in this District.

6. Plaintiff worked in this District when the violations took place.

## PARTIES AND PERSONAL JURISDICTION

7. Plaintiff Kaya Schanen is an individual residing in Harris County, Texas. Plaintiff's written consent to this action is attached hereto as Exhibit A.

8. Defendant In-Focus Solutions, LLC is a limited liability organized under the laws of Massachusetts. Defendant may be served process through its registered agent Meaghan Cooper, 16 Skivira Lane, New Braintree, Massachusetts 01531 or wherever she may be found.

9. This Court has personal jurisdiction over Defendant because it has purposefully availed itself of the privilege of conducting its business activities in the state of Texas. Defendant has established minimum contacts sufficient to confer jurisdiction over it and the assumption of jurisdiction over Defendant will not offend traditional notions of fair play and substantial justice. The exercise of jurisdiction over Defendant is, therefore, consistent with the constitutional requirements of due process.

10. Defendant employs workers like Plaintiff in the state of Texas.

11. Defendant conducts business with customers throughout the state of Texas.

12. The causes of action in this suit arise from and relate to the contacts of Defendant with the state of Texas, specifically Defendant's employment of Texas citizens and the failure to pay those citizens in accordance with the FLSA.

### FLSA COVERAGE

13. At all material times, Defendant has been an employer within the meaning of 3(d) of the FLSA of Plaintiff. 29 U.S.C. § 203(d).

14. The Fair Labor Standards Act ("FLSA") defines the term "employer" broadly to include "any person acting directly or indirectly in the interest of an employer in relation to any employee." 29 U.S.C. § 203(d).

15. "The Supreme Court has made clear that the FLSA extends federal control 'throughout the farthest reaches of the channels of interstate commerce.'" *Alvarez v. Amb-Trans Inc.,* 2012 WL 4103876 *2 (W.D. Tex., 2012), (citing *Walling v. Jacksonville Paper Co.,* 317 U.S. 564, 567). "The Fifth Circuit has also emphasized that no de minimis rule applies to the FLSA; any regular contact with commerce, no matter how small, will result in coverage." *Alvarez*, 2012 WL 4103876 *2 (*Citing Marshall v. Victoria Trans. Co., Inc.,* 603 F.2d 1122, 1124 (5th Cir.1979)).

16. "The FLSA protects employees who fall under either of two types of coverage: (1) 'enterprise coverage,' which protects all those who are 'employed in an enterprise engaged in commerce or in the production of goods for commerce,' or (2) 'individual coverage,' which protects those who are individually 'engaged in commerce or in the production of goods for commerce,' regardless of whether the employer constitutes an enterprise." *Duran v. Wong* 2012 WL 5351220, *2 (S.D. Tex., 2012); *See also*, 29 U.S.C. § 207(a)(1); *See also Martin v.*

*Bedell,* 955 F.2d 1029, 1032 (5th Cir. 1992) (*"Either* individual *or* enterprise coverage is enough to invoke FLSA protection."*).

17. Both the individual and enterprise coverage are applicable in this case.

18. First, with regards to individual coverage, the FLSA states that if the employee is "engaged in commerce or in the production of goods for commerce," individual coverage applies. 29 U.S.C. § 207(a)(1). "In determining whether an employee is engaged in interstate commerce within the meaning of the FLSA, the Fifth Circuit applies a 'practical test.'" *Aberle v. Saunders MEP, Inc.,* 2011 WL 2728350, *3 (E.D.Tex., 2011) (*citing Sobrinio v. Medical Ctr. Visitor's Lodge, Inc.,* 474 F.3d 828, 829 (5th Cir. 2007)). "Any regular contact, no matter how minimum, will result in coverage under the FLSA. *Id*. (*citing Marshall v. Victoria Transp. Co.,* 603 F.2d 1122, 1124 (5th Cir. 1979)); (*See also*, *Sobrinio,* 474 F.3d at 829). "The employee's work must be "entwined with the continuous stream of interstate commerce.'" *Id*. (citing *Marshall,* 603 F.2d at 1125). "A key factor in determining if a plaintiff engaged in commerce for purposes of individual coverage under the FLSA is whether such activities were a 'regular and recurrent' part of the plaintiff's employment duties." *Id*. (*citing,* 29 C.F.R. 776.10(b)).

19. At all material times, Plaintiff was an individual employee who engaged in commerce or in the production of goods for commerce as required by 29 USC § 206-207.

20. Here, Defendant employed Plaintiff as part of its marketing business. Plaintiff's regular job duties consisted of communicating with customers and vendors in other states using a telephone and computer.

21. Second, with regards to enterprise coverage, the FLSA states that it applies to "employees of enterprises that (1) have other employees engaged in interstate commerce and (2)

have an annual gross volume of business equal to or in excess of five hundred thousand dollars." *Aberle,* 2011 WL 2728350, *3, *(citing,* 29 U.S.C. § 203(s)(1)(A)).

22. Here, Defendant has had, and continues to have, an annual gross business volume in excess of the statutory minimum.

23. In addition to Plaintiff, Defendant has employed numerous other employees, who like Plaintiff, are employees engaged in interstate commerce. Further, Defendant itself engaged in interstate commerce because it orders supplies across state lines, conducts business deals with merchants across state lines, advertises on the internet with companies based in other states, and sells equipment that moved across state lines.

## FACTS

24. Defendant In-Focus Solutions, LLC is a marketing company that employs customer service agents to connect customers with car maintenance shops and car dealerships.

25. Plaintiff Schanen worked for Defendant as a business development representative from approximately April of 2023 until her termination in September of 2023.

26. A business development representative for Defendant is a telemarketing type job that involves answering the phone and scheduling vehicle maintenance.

27. Defendant paid Plaintiff on an hourly basis.

28. Defendant did not pay Plaintiff on a salary basis.

29. Plaintiff routinely worked in excess of 40 hours a week for Defendant.

30. However, Defendant did not pay Plaintiff for all the overtime hours she worked.

31. Instead, Defendant paid Plaintiff the same hourly rate for many of her overtime and non-overtime hours.

32. By way of example, during the two week pay period from August 21, 2023 to September 2, 2023, Plaintiff worked a total of 76.32 hours. In the first week of this pay period,

Plaintiff worked 42.23 hours and 34.09 hours in the second week. Her pay stub for this pay period shows Defendant paid her for only 76.32 hours at her normal hourly rate. However, she should have received overtime for her hours in excess of 40 in the first week of the pay period.

33. Other business development representatives are paid on this same pay system.

34. Plaintiff is a non-exempt employee under the FLSA.

35. Defendant classified Plaintiff as a non-exempt employee under the FLSA.

36. Other business development representatives are non-exempt employees under the FLSA.

37. Other business development representatives are classified by Defendant as non-exempt employees under the FLSA.

38. Defendant pays its business development representatives on an hourly basis.

39. The primary duties of a business development representative do not require independent judgment and discretion.

40. Throughout her employment, Plaintiff suspected that she was not being paid correctly.

41. On September 15, 2023, Plaintiff sent an email requesting to examine her pay and time records so that she could create an accounting of her unpaid time.

42. Approximately half an hour after sending that email, Defendant terminated her employment.

43. Defendant terminated Plaintiff because she complained about Defendant's failure to properly pay her. In other words, Defendant terminated Plaintiff's employment for engaging in protected activity under the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

44. Plaintiff has actual knowledge that FLSA Class Members have also been denied overtime pay for hours worked over forty (40) hours in a workweek as a result of Defendant's compensation policies.

45. Plaintiff's knowledge is based on her personal work experience and through communications with other workers of Defendant.

46. Other workers similarly situated to the Plaintiff worked for Defendant throughout the United States but were not paid overtime at the rate of one and one-half their regular rates of pay when those hours exceeded forty (40) hours in a workweek.

47. Although Defendant permitted and/or required FLSA Class Members to work in excess of forty (40) hours in a workweek, Defendant denied them full compensation for their hours worked over forty (40).

48. Defendant pays all of its business development representatives employed three years prior to the filing of this complaint to present on an hourly rate basis and subjects them to the same policies that result in the underpayment of overtime.

49. Plaintiff had the same or similar job duties as other employees of Defendant who had the same job title as Plaintiff and worked for Defendant at any time during the three years prior to the filing of this lawsuit.

50. FLSA Class Members are not exempt from receiving overtime pay under the FLSA.

51. As such, FLSA Class Members are similar to Plaintiff in terms of relevant job duties, pay structure, misclassification as exempt employees and/or the denial of overtime pay.

52. Defendant's failure to pay overtime compensation at the rate required by the FLSA results from generally applicable policies or practices and does not depend on the personal circumstances of any FLSA Class Member.

53. The experiences of Plaintiff, with respect to her pay, hours, and duties are typical of the experiences of the FLSA Class Members.

54. The specific job titles or precise job responsibilities of each FLSA Class Member does not prevent collective treatment.

55. All FLSA Class Members, irrespective of their particular job requirements, are entitled to overtime compensation for hours worked in excess of forty (40) in a workweek.

56. Although the exact amount of damages may vary among the FLSA Class Members, the damages for the FLSA Class Members can be easily calculated by a simple formula. The claims of all FLSA Class Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by Defendant that caused harm to all FLSA Class Members.

57. As such, the class of similarly situated Plaintiffs for the FLSA Class is properly defined as follows:

> All current and business development representatives, and all employees with substantially similar duties, who worked for Defendant at any time during the three-year period before the filing of this Complaint to present that were paid on an hourly basis.

## CAUSES OF ACTION

### Count I
### Violation of the Fair Labor Standards Act
### Failure to Pay Overtime
### (Collective Action)

58. Plaintiff incorporates all allegations contained in the foregoing paragraphs.

59. Defendant's practice of failing to pay Plaintiff for all hours and time-and-a-half for all hours worked in excess of forty (40) per workweek violates the FLSA. 29 U.S.C. § 207.

60.     None of the exemptions provided by the FLSA regulating the duty of employers to pay overtime at a rate not less than one and one-half times the regular rate at which its employees are paid are applicable to Defendant, Plaintiff, or the FLSA Class Members.

### Count II
### Violation of the Fair Labor Standards Act
### Retaliation

61.     Plaintiff incorporates the proceeding paragraphs by reference.

62.     Defendant terminated Plaintiff's employment because she engaged in protected activity under 29 U.S.C. § 215(a)(3), specifically, Plaintiff complained to her supervisor and to human resources that she was not being paid for all the hours she worked.

63.     As a result of Defendant's retaliation, Plaintiff has suffered damages, including but not limited to, emotional distress, lost wages, and legal costs.

64.     Defendant's conduct was outrageous and malicious, was intended to injure Plaintiff, and was done with reckless indifference to Plaintiff's protected rights, entitling Plaintiff to an award of punitive damages.

65.     For this act of retaliation, Plaintiff seeks compensatory, emotional distress, and punitive damages, as well as attorney's fees and costs, pre- and post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

### JURY DEMAND

66.     Pursuant to her rights under the Constitution of the United States, U.S. CONST. amend. VII, and FED R. CIV. P. 38(a), Plaintiff hereby demands trial by jury.

### PRAYER FOR RELIEF

67.     For these reasons, Plaintiff respectfully requests that judgment be entered in favor of herself awarding her:

      a.      Unpaid wages;

      b.      An equal amount of her unpaid wages as liquidated damages, as allowed under the FLSA;

      c.      Damages for emotion distress;

      d.      Punitive damages;

      e.      Reasonable attorney's fees, costs, and expenses of this action as provided by the FLSA; and

      f.      Such other and further relief to which Plaintiff may be entitled, both in law and in equity.

Respectfully submitted,

By: /s/ Beatriz Sosa-Morris
Beatriz Sosa-Morris
SOSA-MORRIS NEUMAN
ATTORNEYS AT LAW
BSosaMorris@smnlawfirm.com
Texas State Bar No. 24076154
5612 Chaucer Drive
Houston, Texas 77005
Telephone: (281) 885-8844
Facsimile: (281) 885-8813

LEAD ATTORNEY IN CHARGE FOR PLAINTIFF AND CLASS MEMBERS

OF COUNSEL:
John Neuman
JNeuman@smnlawfirm.com
State Bar No. 24083560
SOSA-MORRIS NEUMAN
ATTORNEYS AT LAW
5612 Chaucer Drive
Houston, Texas 77005
Telephone: (281) 885-8630
Facsimile: (281) 885-8813